```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


PIRSON CONTRACTORS, INC.,      )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:07 cv 123
                               )
SCHEUERLE FAHRZEUGFABRIK GmbH, )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss filed by the defendant, Scheuerle Fahrzeugfabrik, GmbH, on December 14, 2007 (DE 26); the Motion to Compel Discovery filed by the defendant on December 21, 2007 (DE 28); the Motion for Second Extension of Time to Respond to Defendant's Discovery Requests filed by the plaintiff, Pirson Contractors, on January 7, 2008 (DE 31); and the Motion to Enlarge Time For Its Expert Disclosure filed by the defendant on January 30, 2008 (DE 39). For the reasons set forth below, the motion to dismiss (DE 26) is **DENIED**; the motion to compel discovery (DE 28) is **GRANTED**; the motion to extend time to respond to defendant's discovery requests is **GRANTED IN PART** and **DENIED IN PART**; and the motion to enlarge time for expert disclosures (DE 39) is **GRANTED.**

Background

United States Steel, in support of the construction of a blast furnace, hired the plaintiff, Pirson Contractors, to provide material handling services. In performing this task, Pirson used "heavy-duty modular transports" manufactured by the

defendant, Scheuerle Fahrzeugfabrik, GmbH, and hired Scheuerle to provide expert engineering services and personnel for the use of these transports in moving blast furnace components for the project.

According to the complaint, on August 31, 2005, Scheuerle, apparently responding to an e-mail sent the day before, informed Pirson that it was "pleased to offer you based on our General Sales Conditions . . . an additional Scheuerle service engineer for commissioning and training on your transporter." A September 9, 2005 e-mail from Pirson stated that in response to the August 31, 2005 offer, Pirson was placing an order "for the provision of services." (Complaint Exhibit B)

Pirson alleged that pursuant to this agreement, a Scheuerle employee directed the movement of a blast furnace component that weighed in excess of 350 tons. While this component was being transported, it slipped from the transporter, causing more than $10.7 million in damages to the transporter, the component, and property. In their complaint, Pirson has raised claims in both tort and contract based upon Scheuerle's alleged failure to provide the service. Scheuerle seeks dismissal of the complaint based on a forum selection clause in the General Sales Conditions that states "the sole court of jurisdiction for all present and future claims arising from the business relation with the buyer . . . shall be the place of the seller's registered office." Accordingly, Scheuerle argues the claim may proceed only in

Pfedelbach, Germany, the location of Schuerle's registered office.

## Discussion

Scheuerle seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3). At the heart of Scheuerle's motion to dismiss is the relationship between the choice of forum and choice of law provisions in Scheuerle's General Sales Conditions and a provision of Indiana law that prohibits choice of law and forum selection clauses in contracts for the improvement of real estate.

As an initial concern, the court notes that despite some question, the proper rule under which to seek dismissal based on the presence of a forum selection clause is Rule 12(b)(3). *See* **McCloud Construction, Inc. v. Home Depot USA, Inc.**, 149 F.Supp.2d 695, 698 (E.D. Wis. 2001)(*citing* **Frietsch v. Refco, Inc.**, 56 F.3d 825, 830 (7th Cir. 1995)("Motions to enforce forum selection clauses brought as motions to dismiss for improper venue under Rule 12(b)(3) arguably rest on a questionable assumption . . . namely that a forum selection clause somehow creates 'improper venue' notwithstanding that venue is properly laid under the governing venue statute."). In addition, at this stage the question of the validity of a forum selection clause is addressed under state law. *See* **McCloud Construction**, 149 F.Supp.2d at 700; **Peterson v. Sealed Air Corporation**, 902 F.2d 1232, 1234 (7th Cir. 1990)("The parties assume that Illinois law supplies the statute of limitations . . . . Whatever we might have thought of the

3

subject given Illinois' borrowing statute, Ill.Rev.Stat. ch. 110 ¶ 13-210, we shall accept the parties' silence as dispositive.").

Forum selection clauses generally are enforceable "if they are reasonable and just under the circumstances and there is no evidence of fraud or overreaching such that the agreeing party would be deprived of a day in court." *Adsit Co., Inc. v. Gustin*, 874 N.E.2d 1018, 1022 (Ind. App. 2007); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972)("[S]uch clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.").

However, the ability of the state to regulate contracts is a countervailing force to this freedom of contract. *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 281, 115 S.Ct. 834, 843, 130 L.Ed.2d 753 (1995). In this regard, Indiana is one of several states that has enacted legislation that seeks to invalidate forum selection and choice of law provisions in construction contracts. I.C. 32-28-3-17 ("A provision in a contract for the improvement of real estate in Indiana is void if the provision: (1) makes the contract subject to the laws of another state; or (2) requires litigation, arbitration, or other dispute resolution process on the contract in another state."). States with similar provision include Ohio, Wisconsin, Illinois, Virginia, California, New York, and Florida, among others. *See* Ohio Rev.Code §4113.62(D)(2); Wis. Stat. §779.135; 815 ILCS

4

665/10; Va. Code. §8.01-262.1; Calif. Civ. Proc. Code §410.42; N.Y. Gen. Bus. Law 35-E §757; Fla. Stat. §47.025.

In some instances, these provisions have been preempted by the Federal Arbitration Act. *See e.g.* ***LaSalle Group, Inc. v. Electromation of Delaware County***, ___ N.E.2d ___, 2008 WL 344098 at *3, n.2 (Ind. App. Feb. 8, 2008). However, this matter does not regard enforcement of an arbitration clause, and the defendant's primary argument against the application of this statute is based on the statute's placement in the "mechanic's lien" section of the Indiana Code. Scheuerle generally argues that there is no lien at issue in this matter and further argues that Pirson must meet the same requirements that precede the ability to assert a mechanics lien.

First, there is no question that Pirson generally falls within the scope of this section of the Indiana Code. This section provides:

> A contractor, a subcontractor, a mechanic, a lessor leasing construction and other equipment and tools . . . a journeyman, a laborer, or any other person performing labor or furnishing materials or machinery, including the leasing of equipment or tools, for . . . the erection, alteration, repair, or removal of a house, mill, manufactory, or other building . . . may have a lien as set forth in this section.
>
> IC 32-28-3-1

Scheuerle does not argue that Pirson falls outside this description of entities who may be entitled to assert a lien.

5

More importantly, the statute at issue here speaks in broad terms that reach every contract for the improvement of real estate, regardless of whether the party to the contract has, or could, assert a mechanic's lien. Scheuerle attempts to read a requirement into the statute that a party first assert a lien before this statute becomes operative by virtue of its placement in this section of the Indiana Code alone. However, cases addressing this statute do not support that conclusion. *See e.g.* **LaSalle Group, Inc.**, 2008 WL 344098 at *1; **MPACT Construction Group, LLC v. Superior Concrete Constructors**, 802 N.E.2d 901, 906 n.3, (Ind. 2004)(noting without reference to a mechanic's lien that I.C. 32-28-3-17 "makes void any provision in a 'contract for the improvement of real estate in Indiana' that 'makes the contract subject to the laws of another state.'"); *accord* **McCloud Construction, Inc.**, 149 F.Supp.2d at 701 (denying motion to dismiss without reference to existence of lien based on Wisconsin statute that also appears in the code's "Construction Lien" section); **Kerr Construction, Inc. v. Peters Contracting, Inc.**, 767 So.2d 610, 613 (Fla. App. 2000). Accordingly, there is no basis to require a plaintiff to first assert a mechanic's lien as a prerequisite to the enforcement of I.C. 32-28-3-17. Accordingly, the court will not enforce the parties' forum selection and choice of law provisions.

Because the court concludes that Indiana law prohibits the enforcement of the forum selection and choice of law provisions, the parties' subsequent dispute over whether these terms were

incorporated into the parties' contract is moot. Scheuerle's motion to dismiss is **DENIED**.

In response to their motion to compel, Pirson acknowledged that its response to request for production and interrogatories was deficient. Pirson stated that it limited further disclosure based on the motion to dismiss filed by Scheuerle, noting that "the paper trail relative to the venue issue was produced" and the balance of the outstanding requests "do not seek information relative to the venue issue."

The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery invariably continue in light of a pending dispositive motion. *In re Sulfuric Acid*, 231 F.R.D. 331, 336 (N.D. Ill. 2005); *Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993); *Walsh v. Heilmann*, 472 F.3d 504, 505 (7th Cir. 2006). Rather, the determination to stay discovery is based upon the individual case and whether ongoing discovery is "unlikely to produce facts necessary to defeat the motion." *Sprague*, 149 F.R.D. at 577. *See also* *Orlando Residence, Ltd. v. GP Credit Company, LLC*, 2006 WL 2849866 at *7 (E.D. Wis. Sept. 29, 2006) ("Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.") (internal quotations and citations omitted).

In this instance, no stay was entered or even sought. Rather, it appears to have been assumed unilaterally by Pirson.

Accordingly, there is no basis for delaying response. Further, in light of the court's decision on the motion to dismiss, there is no basis for further consideration of the propriety of a stay. Accordingly, the motion to compel is **GRANTED.**

In a related motion, the plaintiff seeks an extension of 30 days from the date the court rules on Scheuerle's motion to dismiss in which to respond to these disputed discovery requests. The plaintiff has provided no basis for the extension beyond its assumption that discovery was stayed pending resolution of the motion to dismiss. Accordingly, the plaintiff is **ORDERED** to respond to outstanding discovery requests within 10 days of this order.

Finally, Scheuerle seeks to extend the time for disclosing expert witnesses to a date 30 days from Pirson's response to this outstanding discovery. Ths motion is **GRANTED.** The deadline for the defendant's expert witness disclosures shall be May 30, 2008.

_____

For the foregoing reasons, the Motion to Dismiss filed by the defendant, Scheuerle Fahrzeugfabrik, GmbH, on December 14, 2007 (DE 26) is **DENIED;** the Motion to Compel Discovery filed by the defendant on December 21, 2007 (DE 28) is **GRANTED;** the Motion for Second Extension of Time to Respond to Defendant's Discovery Requests filed by the plaintiff, Pirson Contractors, on January 7, 2008 (DE 31) is **GRANTED IN PART** and **DENIED IN PART;** and the Motion to Enlarge Time For Its Expert Disclosure filed by the defendant on January 30, 2008 (DE 39) is **GRANTED.** In addition,

pursuant to docket entries 24 and 25, the Clerk is **DIRECTED** to terminate the motions at DE 22 and 23.

ENTERED this 3rd day of April, 2008

s/ ANDREW P. RODOVICH
United States Magistrate Judge